# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| DAVID A. NIXON, | CASE NO. 5:25-CV-01558 |
| Petitioner, | JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| | MAGISTRATE JUDGE AMANDA M. KNAPP |
| WARDEN JENNIFER BLACK, | |
| Respondent. | **INTERIM REPORT AND RECOMMENDATION** |

On July 22, 2025, Petitioner David A. Nixon ("Mr. Nixon" or "Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting seven grounds for relief relating to his sentence and convictions for burglary, grand theft, and having a weapon under disability.[1]  (ECF Doc. 1 ("Petition").)  On August 14, 2025, Petitioner filed a Motion to Hold Habeas Corpus Petition in Abeyance ("Motion to Stay").  (ECF Doc. 5.)  Respondent filed an opposition to the Motion to Stay.  (ECF Doc. 6.)  Petitioner did not file a reply.

The Motion for Stay is fully briefed and ripe for review.  The undersigned hereby submits this Interim Report and Recommendation, recommending that the Court **DENY** the Motion for Stay.

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  The Petition was docketed on July 28, 2025.  (ECF Doc. 1.)  Petitioner states he placed his Petition in the prison mailing system on July 22, 2025.  (ECF Doc. 1, p. 19.)

1

## I. Federal Habeas Petition

Mr. Nixon raises the following seven grounds for relief in his pending Petition:

**Ground One**: Denial of counsel and self-representation in violation of the Sixth Amendment of the U.S. Constitution & Ohio Const.

**Supporting Facts**: The trial court failed to advise Petition of right to counsel, and failed to secure a valid written waiver of counsel. The trial court then without proper inquiry, into Petitioner's written and oral motions to waive counsel and proceed to trial pro se, denied the Petitioner his constitutional right to self-representation, in violation of the Sixth Amendment to the United States Constitution, and Article VIII, Section II of Ohio's Constitution.

**Ground Two**: Denial of indictment by grand jury in violation of the Fifth Amendment of the United States Constitution.

**Supporting Facts**: The April[] 2022 Term of the Portage County grand jury returned an indictment for Burglary, and the Ass. Prosecutor altered it to charge Aggravated Burglary to have room to plea bargain. This caused the burglary count to become void as a matter of law. The trial court lost subject-matter jurisdiction over the fraudulent count of burglary, placing Petitioner in jeopardy, in violation of teh [sic] United States and Ohio's constitutions. The Petitioner discovered through public records requests and actual indictments, that the grand jury true-billed Burglary, not the aggravated burglary charged in the indictment.

**Ground Three**: Insufficient Evidence to sustain a conviction of O.R.C. 2913.02, Grand Theft.

**Supporting Facts**: The evidence presented at trial did not support a conviction for Grand Theft, as the State failed to prove all elements of grand theft beyon[d] a reasonable doubt. The theft of teh [sic] firearm must be proved that the Petitioner intended to "permanently deprive" the owner of teh [sic] gun. The firearm never left the residence, and Petitioner reported the gun to the prosecutor[']s office immediately following teh [sic] alleged incident.

**Ground Four**: Prosecutorial Misconduct, failure to correct false, misleading, and inflammatory evidence and testimony.

**Supporting Facts**: The State presented recorded jail call[]s to deceive the jury. The State knew through record jail calls that the gun did not belong to Joe Horvath, and allowed Horvath to testify that he owned the gun to gain conviction. The trial court was made aware that teh [sic] gun in the recorded jail call was not the gun recovered in the crime, but told the State to "play it anyways" in a sidebar over defense counsel[']s objection to admitting the call [] into evidence and playing it for the jury.

**Ground Five**: Denial of Compulsory Process, Subpoena power, evidence, in violation of the Sixth Amendment to U.S. Const.

**Supporting Facts**: Trial Court quashed subp[]oenas for key defense witnesses with no hearing.  Trial court denied request for exculpatory cell phone records, and failed to enforce subpoena power demanding the witness bring cell phone records to trial. Trial court interfered with questioning of BCI witness to cover-up fraud by the State.  Trial court allowed evidence to be presented by the State that it [k]new to be false and misleading to the jury.

**Ground Six**: Denial of Grand Jury Transcript, Sixth Amendment to U.S. Constitution violation, denial of fair trial.

**Supporting Facts**: The Grand Jury Transcript was necessary due to the multiple count two indictments for Burglary and Aggravated Burglary.  The States request for warrant, the indictment, and the public record requests all proved that the grand jury true-billed burglary, not aggravated burglary stated on indictment.  The Grand Jury Transcript would have shown what charge teh [sic] grand jury actually true-billed.  Petitioner showed a particularized need.

**Ground Seven**: Denied Sixth Amendment Right to effective assistance of counsel.

**Supporting Facts**: Petitioner was not satisfied with counsel[']s performance in pretrial phase of proceedings.  Counsel refused to withdraw and the trial court refused to accept waiver of counsel, thereby forcing counsel on Petitioner.  Counsel failed to subpoena important witnesses[], [f]ailed to show up for [i]mportant hearings, and failed to investigate at the request of Petitioner, depriving Petitioner of the effective assistance of counsel.

(ECF Doc. 1, pp. 5-16.)

## II.     Petitioner's Motion to Stay

Mr. Nixon seeks a stay of the current proceedings, asserting he has pending litigation in state court that "raise[s] the issue of the trial court[']s failure to issue a final, appealable order, and the appellate court[']s unauthorized exercise of jurisdiction over Petitioner's direct appeal." (ECF Doc. 5, p. 1.)  The pending litigation consists of an appeal filed with the "Eleventh District Court of Appeals regarding the trial court[']s denial of Motion for Final Appealable Order, Case

3

No. 2025-P-0018" [2] and a "Petition for writ of Prohibition . . . in the Supreme Court of Ohio, Case No. 2025-0609." (*Id.*)  If the state courts grant the relief Petitioner is seeking in those proceedings, Mr. Nixon asserts that he will file a new direct appeal and a new petition for post-conviction relief in the state courts.  (*Id.* at p. 2.)  In light of these pending state court proceedings, Petitioner now asks to stay these federal habeas proceedings and hold them in abeyance under the standard set forth by the U.S. Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), because he "would be barred from returning to federal court after exhausting his claims in state court if his § 2254 petition is not stayed and held in abeyance." (*Id.*)

In response, Respondent argues that a stay is not appropriate because Mr. Nixon has not identified unexhausted claims in his Petition or any new federal claims that he intends to present after the pending state court proceedings are concluded.  (ECF Doc. 6, p. 3.)  Without such information, Respondent argues that this Court cannot apply the *Rhines* standard to "examine the potential merit of the claims or the cause for not bringing the claims sooner." (*Id*. at pp. 3-4.)  Respondent emphasizes that a stay and abeyance is only appropriate in limited circumstances, and argues that such circumstances are not present in this case.  (*Id.* at pp. 4-5.)

### III.  Law and Analysis

A state prisoner with federal constitutional claims must fairly present them in state court before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  Even where a habeas petitioner presents a "mixed petition" containing both exhausted and unexhausted claims, comity requires that state courts be given the first opportunity to review the unexhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

---

[2] If the Motion for Final Appealable Order is denied by the Eleventh District Court of Appeals, Petitioner states that he intends to file an appeal with the Supreme Court of Ohio.  (ECF Doc. 5, p. 1.)

4

If a mixed petition is dismissed while a petitioner pursues unexhausted claims in state court, however, there is a concern that any exhausted claims will become time-barred under the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  That is why the Supreme Court clarified in *Rhines* that a district court with a "mixed petition" may stay the case and permit the petitioner to present his unexhausted claims to the state court before the federal court undertakes review of the petition.  544 U.S. at 277.

A "stay and abeyance" under *Rhines* is available where the district court determines that: (1) there was good cause for the petitioner's failure to exhaust the relevant claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay.  544 U.S. at 277.  The *Rhines* Court cautioned that stay and abeyance should be used sparingly because frequent use could undermine AEDPA's goals of "'reduc[ing] delays in the execution of state and federal criminal sentences'" and streamlining federal habeas proceedings by encouraging petitioners to seek relief first from the state courts.  *Id.* at 276-77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

In this case, the undersigned agrees with Respondent that Petitioner has failed to show that a stay and abeyance is appropriate under the *Rhines* standard, which applies only in limited circumstances where a federal court is faced with a "mixed petition" containing both exhausted and unexhausted claims.  *See* 544 U.S. at 277.  While Mr. Nixon has identified certain ongoing state proceedings relating to his criminal convictions, he has not explained or shown how those proceedings are necessary to exhaust any of the grounds for relief articulated in his Petition.  Neither has he identified additional federal habeas claims for relief that he will seek leave to add to his Petition once the pending state court proceedings are complete.  Thus, Petitioner has not shown that this case involves a "mixed petition" warranting relief under *Rhines*.  *See Bowling v.*

*Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (finding the mere fact that a petitioner "had an independent proceeding pending in state court did not render his federal petition a mixed petition" when the "petition contained only claims that had been fully exhausted in state court").

Beyond his basic failure to show that this case involves a "mixed petition," Mr. Nixon has also failed to show more specifically—as required by *Rhines*—that (1) he had "good cause" for failing to exhaust the relevant federal habeas claims before he filed the Petition and (2) the relevant, unexhausted federal habeas claims are not plainly meritless. *See* 544 U.S. at 277. Like other federal courts, the undersigned finds Petitioner's failure to satisfy these two *Rhines* factors supports denial of his motion to stay these proceedings and hold them in abeyance pending the conclusion of the pending state court proceedings. *See, e.g.*, *Esters v. Vashaw*, No. 1:20-CV-12882, 2021 WL 6495041, at *2 (E.D. Mich. June 30, 2021).

## IV.  Recommendation

Given the foregoing, the undersigned concludes that a stay and abeyance is not warranted under *Rhines v. Weber*, 544 U.S. 269 (2005). Accordingly, the undersigned recommends that the Court **DENY** Mr. Nixon's Motion to Stay (ECF Doc. 5).

December 29, 2025

                                                */s/ Amanda M. Knapp*
                                                AMANDA M. KNAPP
                                                UNITED STATES MAGISTRATE JUDGE

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).