**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID A. NIXON,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JENNIFER BLACK,<br><br>Respondent. | CASE NO. 5:25-CV-01558<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**ORDER (ECF DOCS. 14, 22, 25, 29)** |

On July 22, 2025, Petitioner David A. Nixon ("Mr. Nixon" or "Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting seven grounds for relief relating to his sentence and convictions for burglary, grand theft, and having a weapon under disability.[1] (ECF Doc. 1 ("Petition").) Petitioner has filed motions requesting discovery, the filing of a complete record, and the expansion of the state court record. (ECF Docs. 14, 22, 25, 29.) The motions are fully briefed and ripe for review. (ECF Docs. 14, 15, 22, 23, 25, 28, 29, 30, 31.) For the reasons below, the Court **DENIES** all four motions. (ECF Doc. 14, 22, 25, 29.)

## I. Federal Habeas Petition

Mr. Nixon raises the following seven grounds for relief in his pending Petition:

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). The Petition was docketed on July 28, 2025. (ECF Doc. 1.) Petitioner states he placed his Petition in the prison mailing system on July 22, 2025. (ECF Doc. 1, p. 19.)

**Ground One**: Denial of counsel and self-representation in violation of the Sixth Amendment of the U.S. Constitution & Ohio Const.

**Supporting Facts**: The trial court failed to advise Petition of right to counsel, and failed to secure a valid written waiver of counsel. The trial court then without proper inquiry, into Petitioner's written and oral motions to waive counsel and proceed to trial pro se, denied the Petitioner his constitutional right to self-representation, in violation of the Sixth Amendment to the United States Constitution, and Article VIII, Section II of Ohio's Constitution.

**Ground Two**: Denial of indictment by grand jury in violation of the Fifth Amendment of the United States Constitution.

**Supporting Facts**: The April[] 2022 Term of the Portage County grand jury returned an indictment for Burglary, and the Ass. Prosecutor altered it to charge Aggravated Burglary to have room to plea bargain. This caused the burglary count to become void as a matter of law. The trial court lost subject-matter jurisdiction over the fraudulent count of burglary, placing Petitioner in jeopardy, in violation of teh [sic] United States and Ohio's constitutions. The Petitioner discovered through public records requests and actual indictments, that the grand jury true-billed Burglary, not the aggravated burglary charged in the indictment.

**Ground Three**: Insufficient Evidence to sustain a conviction of O.R.C. 2913.02, Grand Theft.

**Supporting Facts**: The evidence presented at trial did not support a conviction for Grand Theft, as the State failed to prove all elements of grand theft beyon[d] a reasonable doubt. The theft of teh [sic] firearm must be proved that the Petitioner intended to "permanently deprive" the owner of teh [sic] gun. The firearm never left the residence, and Petitioner reported the gun to the prosecutor[']s office immediately following teh [sic] alleged incident.

**Ground Four**: Prosecutorial Misconduct, failure to correct false, misleading, and inflammatory evidence and testimony.

**Supporting Facts**: The State presented recorded jail call[]s to deceive the jury. The State knew through record jail calls that the gun did not belong to Joe Horvath, and allowed Horvath to testify that he owned the gun to gain conviction. The trial court was made aware that teh [sic] gun in the recorded jail call was not the gun recovered in the crime, but told the State to "play it anyways" in a sidebar over defense counsel[']s objection to admitting the call [] into evidence and playing it for the jury.

**Ground Five**: Denial of Compulsory Process, Subpoena power, evidence, in violation of the Sixth Amendment to U.S. Const.

> **Supporting Facts**: Trial Court quashed subp[]oenas for key defense witnesses with no hearing. Trial court denied request for exculpatory cell phone records, and failed to enforce subpoena power demanding the witness bring cell phone records to trial. Trial court interfered with questioning of BCI witness to cover-up fraud by the State. Trial court allowed evidence to be presented by the State that it [k]new to be false and misleading to the jury.
>
> **Ground Six**: Denial of Grand Jury Transcript, Sixth Amendment to U.S. Constitution violation, denial of fair trial.
>
> **Supporting Facts**: The Grand Jury Transcript was necessary due to the multiple count two indictments for Burglary and Aggravated Burglary. The States request for warrant, the indictment, and the public record requests all proved that the grand jury true-billed burglary, not aggravated burglary stated on indictment. The Grand Jury Transcript would have shown what charge teh [sic] grand jury actually true-billed. Petitioner showed a particularized need.
>
> **Ground Seven**: Denied Sixth Amendment Right to effective assistance of counsel.
>
> **Supporting Facts**: Petitioner was not satisfied with counsel[']s performance in pretrial phase of proceedings. Counsel refused to withdraw and the trial court refused to accept waiver of counsel, thereby forcing counsel on Petitioner. Counsel failed to subpoena important witnesses[], [f]ailed to show up for [i]mportant hearings, and failed to investigate at the request of Petitioner, depriving Petitioner of the effective assistance of counsel.

(ECF Doc. 1, pp. 5-16.)

## II. Petitioner's Motions

Mr. Nixon's four motions are summarized below. First, Mr. Nixon requests the following additional discovery: an in-camera inspection of the grand jury vote; discovery of victim Richelle Horvath's cell phone records; and the ability to serve admissions on grand jury foreperson Rachel Dillon, grand jury foreperson Sharon Spencer, and assistant prosecutor Sean P. Scahill. (ECF Doc. 14.) Next, he seeks expansion of the record to include the audio disk of the appellate argument before the Eleventh District Court of Appeals (ECF Doc. 22) and requests an order requiring Respondent to supplement his Answer to provide a list of all state court recordings that were recorded but not yet transcribed (ECF Doc. 29). Finally, he seeks

expansion of the record to include recorded jail calls presented at trial as State's Exhibit 3. (ECF Doc. 25.) Respondent opposes all four motions. (ECF Docs. 15, 23, 28, 30.)

## III. Law and Analysis

### A. Legal Framework for Discovery and Expansion of the Record

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, discovery is discretionary under Rule 6 of the Rules Governing § 2254 Cases. *Id.* at 909 (explaining that "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court[]").

Under Rule 6, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *See* Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C.A. foll. § 2254. "Good cause" is demonstrated where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy*, 520 U.S. at 908-09 (citing *Harris v. Nelson*, 394 U.S. 286, 299 (1969)). "The burden of demonstrating the materiality of information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Importantly, "Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations." *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) (quoting *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004)). Instead, to support an entitlement to discovery, "the petitioner must set forth specific allegations of fact." *Id.*

Under Rule 7 of the Rules Governing § 2254 Cases, the Court may "direct the parties to expand the record by submitting additional materials relating to the petition." *See* Rules Governing § 2254 Cases, Rule 7, 28 U.S.C.A. foll. § 2254. "The decision of whether to expand

the record, however, is within the sound discretion of the district court." *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008). Thus, under the Rules Governing § 2254 Cases, the district court has discretion to determine whether to permit discovery and/or to expand the record.

Although district courts have discretion to permit discovery or expand the record under the Rules Governing § 2254 Cases, that discretion is constrained by the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"). Where a petitioner's federal habeas claim has been adjudicated on the merits in state court, a petitioner must show under 28 U.S.C. § 2254(d) that the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting 28 U.S.C. § 2254(d)). Section 2254(d)(2) limits a federal habeas court's review to "evidence presented in the State Court proceeding." *Pinholster*, 563 U.S. at 185, n. 7. And the U.S. Supreme Court has explained that a federal court conducting a habeas review under § 2254(d)(1) may only review evidence that was in the state court record at the time of the underlying state court proceedings. *Pinholster*, 563 U.S. at 182. This limitation is imposed because "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id*. The *Pinholster* Court explained: "[p]rovisions like §§2254(d)(1) and (e)(2) ensure that federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.* at 186 (internal citations, quotations and alterations omitted).

Under *Pinholster*, the Sixth Circuit has held that "district courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013). But it may not "run afoul of *Pinholster*" for a district court to obtain or consider evidence regarding claims that were not adjudicated on the merits in state court, to the extent doing so would "present[] no danger of turning th[e] court into an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Cunningham v. Hudson*, 756 F.3d 477, 486 n. 4 (6th Cir. 2014) (per curiam) (internal quotation marks omitted; citing *Pinholster*). Similarly, it may be appropriate for a district court to obtain or consider evidence relevant to the establishment of "cause and prejudice" or "actual innocence" to support excusing a procedural default. *See id.*; *House v. Bell*, 547 U.S. 518, 537-38 (2006) (explaining that a federal court may consider new evidence when determining whether a procedural default should be excused based on "actual innocence").

With this legal framework in mind, the Court turns to Petitioner's motions.

**B. Motion for Leave to Conduct Additional Discovery and Request to Serve Admissions (ECF Doc. 14)**

In his Motion for Leave to Conduct Additional Discovery and Request to Serve Admissions, Mr. Nixon requests three forms of additional discovery: (1) an in-camera inspection of a grand jury vote; (2) discovery of the victim's cell phone records; and (3) permission to serve certain requests for admissions on two grand jury forepersons and an assistant prosecutor. (ECF Doc. 14 ("Motion for Discovery").) Mr. Nixon contends that the "sole purpose" of these requests is to "fully develop[] the facts, and to allow [him] to demonstrate that he is in fact unlawfully confined and therefore entitled to relief under USCS Section 2254" and to "prove

[his] actual innocence."[2] (ECF Doc. 14-1, p. 1.) Respondent opposes the motion, arguing that expansion of the record to include records that were not before the state court is precluded because the state appellate court addressed Mr. Nixon's claim on the merits. (ECF Doc. 15.) The Court will address the three discovery requests in turn.

**1. In-Camera Inspection of Grand Jury Records**

First, Mr. Nixon asks the Court to "perform an in-camera inspect[ion] of the April 22 Term of the grand jury in Portage County, Ohio on May 12, 2022 to determine whether the grand jury true billed the offense of Burglary or Aggravated Burglary." (ECF Doc. 14-1, pp. 3-9.) He argues that the "in-camera inspection will resolve any factual disputes regarding the indicted offenses, and show that . . . [he] is entitled to relief on claim two of the petition." (*Id*. at p. 8.) The Commissioner asserts that this request must be denied because the "requested discovery would go to claims the state appellate court decided on the merits." (ECF Doc. 15, p. 2.)

In Ground Two, the habeas claim Mr. Nixon identifies as underlying this discovery request, Mr. Nixon asserted a claim for: "Denial of indictment by grand jury in violation of the Fifth Amendment of the United States Constitution." (ECF Doc. 1, p. 7.) In the Petition, Mr. Nixon acknowledges that he raised this issue in his petition for post-conviction relief, the denial of which was later upheld on appeal with the Eleventh District Court of Appeals. (*Id.* at pp. 7-8.) Although Mr. Nixon does not explicitly make the connection, the Court also observes that Ground Six of the Petition asserts a claim for: "Denial of Grand Jury Transcript, Sixth Amendment to U.S. Constitution violation, denial of fair trial." (*Id.* at p. 15.) Mr. Nixon

[2] While Mr. Nixon asserts that the evidence he seeks will demonstrate his "actual innocence" (ECF Doc. 14-1, p. 1), this Court need not consider whether to admit the evidence to serve as a "gateway" to overcome procedural default of any claims for relief because Respondent is not seeking a finding of procedural default (*see* ECF Doc. 12).

acknowledges that this grand jury claim was also raised in his petition for post-conviction relief, and that the trial court's denial was also upheld by the state appellate court. (*Id.* at pp. 15-16.)

As the Respondent contends (ECF Doc. 15, pp. 2-3), the state court of appeals considered the merits of Mr. Nixon's two grand jury challenges and found both to be without merit. *See State v. Nixon*, 2023-Ohio-4871, ¶¶ 80-91, 2023 WL 9067373, *9-11 (Ohio App. Ct. December 29, 2023). Because the record indicates that the state court issued a decision on the merits of the claims articulated in Grounds Two and Six,[3] the Supreme Court's decision in *Pinholster* limits this Court's review to "evidence presented in the State Court proceeding." 563 U.S. at 185, n. 7; *see id.* at 182; *Ballinger*, 709 F.3d at 561. And since the requested in-camera review of grand jury records was not a part of the state court record, the Court must deny Mr. Nixon's request for an in-camera inspection of the grand jury vote.

**2. Discovery of Cell Phone Records**

Second, Mr. Nixon seeks to discover the cell phone records of the victim, Ms. Horvath. (ECF Doc. 14-1, pp. 9-10.) Mr. Nixon argues that the text messages on Ms. Horvath's cell phone will exonerate him because they will show that Mr. Nixon had permission to be in her house on the date of the alleged crime and will impeach the testimony of three state witnesses who testified that Mr. Nixon had not been in Ms. Horvath's house for over six months. (*Id.*)

Although Mr. Nixon does not identify the claim for relief relevant to this request, it aligns with Ground Five, in which he claims "Denial of Compulsory Process, Subpoena power, evidence, in violation of the Sixth Amendment to U.S. Const," with supporting facts that include:

[3] Petitioner's Traverse contains the following statement in the discussion of Ground Two: "Petitioner's appellate brief, (Return Ex. 69, ECF 12-1, Page ID #463-466), shows that Petitioner points out on direct appeal that the appellate court failed to adjudicate his claim on the merits." (ECF Doc. 24, p. 22.) Not only is this argument vague and underdeveloped, the cited pages relate to Petitioner's claim that he was improperly denied counsel and/or his right to self-representation. (ECF Doc. 12-1, pp. 350-53), not the grand jury claim raised in Ground Two. Neither party otherwise argues or shows that the state court decision did not address the merits of Grounds Two or Six.

"Trial court denied request for exculpatory cell phone records, and failed to enforce subpoena power demanding the witness bring cell phone records to trial." (ECF Doc. 1, p. 13.) In the Petition, Mr. Nixon acknowledges that he raised this issue in his direct appeal. (*Id.* at p. 14.)

As the Respondent contends (ECF Doc. 15, pp. 2-3), it also appears that the state court of appeals considered the merits of Mr. Nixon's evidentiary claims regarding the cell phone records and found them to be without merit. *See Nixon*, 2023-Ohio-4871, at ¶¶ 33-35, 136-43, 2023 WL 9067373, at *4-5, *17-18. Because the state court issued a decision on the merits of the claim articulated in Ground Five,[4] *Pinholster* limits this Court's review to "evidence presented in the State Court proceeding." 563 U.S. at 185, n. 7; *see id.* at 182; *Ballinger*, 709 F.3d at 561. Since the requested cell phone records were not a part of the state court record, the Court must also deny Mr. Nixon's request for Ms. Horvath's cell phone records.

**3. Requests for Admissions**

Third, Mr. Nixon seeks leave to serve requests for admissions on grand jury foreperson Ms. Dillon, grand jury foreperson Ms. Spencer, and assistant prosecutor Mr. Scahill. (ECF Doc. 14-1, pp. 10-16.) He asserts that these admissions will clarify which documents filed in his case are true and correct, specifically a Grand Jury Final Report and an Affidavit both reportedly signed by Ms. Dillon. (*Id.*) Like the request for in-camera inspection of the grand jury records, this discovery request relates to Grounds Two and Six, both of which were addressed on the merits by the state court. *See Nixon*, 2023-Ohio-4871, at ¶¶ 80-91, 2023 WL 9067373, at *9-11.

---

[4] Respondent asserts in the Return of Writ that Ground Five may not have been adequately pled (ECF Doc. 12, p. 23), but Respondent does not contend that any grounds for relief were not adjudicated on the merits by the state court of appeals (ECF Doc. 12; ECF Doc. 15, pp. 2-3).

And since the described requests for admissions were not a part of the state court record,[5] the Court must also deny Mr. Nixon's request to issue the requests for admissions.

For the reasons set forth above, the Court **DENIES** Mr. Nixon's requests for an in-camera inspection of the grand jury vote, Ms. Horvath's cell phone records, and to serve admissions on Ms. Dillon. Ms. Spencer, or Mr. Scahill (ECF Doc. 14).

### C. Motion to Compel Filing of a Complete Record and Motion to Compel (ECF Doc. 22; ECF Doc. 29)

In his Motion to Compel Filing of a Complete Record, Mr. Nixon asks that Respondent be ordered to complete the record for the underlying state court proceedings by filing an audio disk of his oral argument before the Eleventh District Court of Appeals on direct appeal. (ECF Doc. 22.) He asserts that the 15-minute argument relates to his claim in Ground Two. (*Id.*) Addressing a related issue in his later-filed Motion to Compel, Mr. Nixon argues that Respondent did not comply with Habeas Rule 5(c) when he filed an Answer that did not identify the above appellate oral argument as a proceeding that was recorded but not transcribed. (ECF Doc. 29.) On this basis, he asks that Respondent be ordered to supplement his Answer to provide a list of all state court recordings that were recorded but not transcribed. (*Id*. at p. 3.)

Respondent opposes the motions, arguing that Habeas Rule 5(c) does not pertain to oral arguments on direct appeal (ECF Doc. 30) and that Mr. Nixon did not explain how the oral argument would assist the Court in adjudicating the Petition (ECF Doc. 23). Respondent also says her "office has contacted the Portage County Clerk of Courts, and it is not apparent that any proceedings subject to Rule 5(c) have been recorded but not transcribed." (ECF Doc. 30, p. 3.)

[5] Mr. Nixon's argument that he is seeking evidence that is already part of the record because the proposed requests for admission relate to documents that are in the trial court record (ECF Doc. 14-1, pp. 12, 16) lacks merit.

The Court will first address Mr. Nixon's assertion that Respondent failed to comply with Rule 5(c) of the Rules Governing § 2254 Cases (ECF Doc. 29), which provides that:

> The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

*See* Rules Governing § 2254 Cases, Rule 5(c), 28 U.S.C.A. foll. § 2254. Rule 5 separately provides that Respondent must file the following with the Answer to a habeas petition:

> (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>
> (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>
> (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

*See* Rules Governing § 2254 Cases, Rule 5(c), 28 U.S.C.A. foll. § 2254.

The parties disagree as to whether Habeas Rule 5(c) rule applies to the oral argument on Mr. Nixon's direct appeal. (ECF Doc. 29; ECF Doc. 30; ECF Doc. 31.) Mr. Nixon argues that Rule 5(c) applies to proceedings on direct appeal, citing two unpublished district court decisions. (*See* ECF Doc. 29, p. 2 (citing *Griffin v. Haynes*, No. C22-5118-JHC-MLP, 2022 WL 3448991, at *2 (W.D. Wash. July 26, 2022)); ECF Doc. 31, p. 2 (citing *Griffin* and *Onyiego v. Wardlow*, No. 2:24-CV-02073-MSN-TMP, 2026 WL 369929, at *3 (W.D. Tenn. Feb. 10, 2026)).) Respondent argues that the two district court decisions are mistaken, as "the text and structure of Rule 5(c) does not cover appellate oral arguments." (ECF Doc. 30, p. 1.) The Court agrees.

When Rule 5(c) requires that an Answer indicate "what proceedings have been recorded but not transcribed," it does so in the context of a prior requirement that the Answer indicate "what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available." *See* Rule 5(c). By implication, therefore, the proceedings for which both transcripts and any "recorded but not transcribed" proceedings must be identified under Rule 5(c) include "pretrial, trial, sentencing, and post-conviction proceedings." *Id.* Notably absent from that list are appellate proceedings, like the direct appeal that is the subject of the present motions.

Respondent correctly observes that appeals and post-conviction proceedings are distinct legal avenues for relief (ECF Doc. 30, p. 2), which weighs against a conclusion that appellate transcripts and proceedings are subject to the requirements of Rule 5(c). Respondent is also correct that a separate sub-paragraph of Rule 5 governs the production of appellate records (*id.* at pp. 2-3), as Habeas Rule 5(d) requires that all appellate briefs, opinions and dispositive orders be produced with the Answer, *see* Rule 5(d). Thus, Respondent did not violate the plain language of Rule 5(c) when she failed to identify Mr. Nixon's oral argument before the state appellate court in the Answer as a proceeding that was "recorded but not transcribed."[6]

The two unpublished district court cases cited by Mr. Nixon do not change this analysis. While both courts applied Rule 5(c) to require production of a list of state court proceedings that were recorded but not transcribed, neither court explicitly considered the language of Rule 5(c) that referenced "pretrial, trial, sentencing, or post-conviction proceedings" without including appellate proceedings in the list. *Compare Onyiego*, 2026 WL 369929, at *3; *Griffin*, 2022 WL

---

[6] Even if the Rule did require the identification of the appellate oral argument as a proceeding that was "recorded but not transcribed," the Court observes that the error appears to be harmless since Mr. Nixon is aware of the recording and has not suggested that there are other recordings that should have been, but were not, so identified.

3448991, at *2. Thus, in addition to being unpublished and non-binding on this Court, the legal reasoning in the two decisions is not persuasive on the issues before this Court.

As to Mr. Nixon's request that the Court order Respondent to file a copy of the audio recording for his appellate oral argument (ECF Doc. 22), Respondent asserts that Mr. Nixon has not "explain[ed] meaningfully how the appellate oral argument would assist in the resolution of his habeas petition" and further argues that "oral argument is not evidence that supports a claim in habeas" (ECF Doc. 23, pp. 2-3). The Court agrees that production of the appellate recording is not warranted in this case.

Habeas Rule 7 gives this Court discretion to "direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7; *see West*, 550 F.3d at 551 ("The decision of whether to expand the record, however, is within the sound discretion of the district court."). Mr. Nixon's only argument as to the relevance of the recording is an assertion that "the entire 15 minute argument is based on Petitioner's Ground 2 for relief in Habeas Corpus[.]" (ECF Doc. 22, p. 1.) He does not explain how his oral argument to the state appellate court will assist this Court in adjudicating the claim he raises in Ground Two. Further, while he asserts that he is unable to receive a copy of the recording "due to restrictions on the prison mail," he also states that "his family does have a copy." (*Id.* at p. 2.) In this context, the Court finds that Mr. Nixon has failed to demonstrate that expansion of the record is warranted.

For the reasons set forth above, the Court finds Mr. Nixon has not shown that Respondent failed to comply with Habeas Rule 5, and further has not demonstrated that this Court should exercise its discretion to expand the record under Rule 7 as requested.

Accordingly, the Court **DENIES** Mr. Nixon's request that the Court order Respondent to supplement his Answer to provide a list indicating all state court recordings that were recorded

but not transcribed (ECF Doc. 29) and Mr. Nixon's motion to require Respondent to file the audio disk of his oral argument on direct appeal (ECF Doc. 22).

**D. Motion to Compel Filing of Complete Record and/or Expand Court Record (Rule 7) (ECF Doc. 25)**

In his Motion to Compel Filing of a Complete Record and/or Expand State Court Record, Mr. Nixon seeks to expand the record to include State's Exhibit 3 from his trial: recorded jail calls relating to his prosecutorial misconduct claim in Ground Four. (ECF Doc. 25.) In support, he explains that Ground Four is based on the State's use of false evidence, specifically recorded jail calls relating to a firearm recovered in his case. (*Id.*) Without those calls, he says the Court will not have the evidence the State used to "secure it's [sic] unconstitutional conviction" at trial. (*Id.*) Respondent opposes the motion, asserting that it is not apparent how the recorded calls would impact the Court's analysis, and arguing that expansion is not necessary because the state court summarized the calls and the trial transcripts contain the testimony. (ECF Doc. 28.)

While the Sixth Circuit expects district courts to review the state court trial transcript in habeas cases, this Court is not required to review trial exhibits. *See Hopson v. Horton*, 838 F. App'x 147, 157 (6th Cir. 2020) (citing *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003)); *see also* Rule 5 of the Rules Governing § 2254 Cases (stating requirements for filing of trial transcripts). As noted in *Hopson*, a district court need not examine trial records where "(1) the state court opinions summarize trial testimony or relevant facts, and (2) the petitioner does not dispute those summaries." 838 F. App'x at 158 (quoting *Kraus v. Taylor*, 715 F.3d 589, 596 (6th Cir. 2013)). Here, the state court of appeals summarized the recorded jail call. *Nixon*, 2023-Ohio-4871, ¶¶ 60-61, 147-48. When the jail calls and testimony relating to the calls are viewed in their entirety, Mr. Nixon argues in his Traverse that "the state presented a false narrative with the recorded jail call that ultimately caused the jury to convict based on false and misleading

evidence." (ECF Doc. 24, pp. 23-25.) But he does not dispute the accuracy of the state court of appeals's summaries of the jail calls. The Court therefore finds Mr. Nixon has failed to show that expansion of the record to include State's Exhibit 3 is necessary or warranted.

Accordingly, the Court **DENIES** (ECF Doc. 25) Mr. Nixon's motion to require Respondent to produce and/or to expand the record to include States's Exhibit 3.

## III. Conclusion

Given the foregoing, the Court **DENIES** (ECF Doc. 14, 22, 25, 29) Mr. Nixon's motions for discovery, filing a complete record, and/or expansion of the record.

September 30, 2026

*/s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE